FILED
U.S. DISTRICT COURT
2010 AUG 12  P 4:17
S.D. OF N.Y. W.P.

SOUTHERN DISTRICT COURT OF NEW YORK
FEDERAL DISTRICT COURT

---

ROBERT KIERNAN,

                Plaintiff,

THE VILLAGE OF MONTGOMERY, STEVEN BRESCIA,
MAYOR OF THE VILLAGE OF MONTGOMERY,
JOHN J. BYRNES, JR., individually and in his capacity as
officer in charge of the POLICE DEPARTMENT OF THE
VILLAGE OF MONTGOMERY, JOHN LUFFMAN, individually and in his capacity as A
POLICE OFFICER, JO ANN SHEELS,
AS A MEMBER OF THE BOARD OF TRUSTEES
OF THE VILLAGE OF MONTGOMERY,
DARLENE ADOLSEK, AS A MEMBER OF THE BOARD OF
TRUSTEES OF THE VILLAGE OF MONTGOMERY,
BRANDON JACKOB, AS A POLICE OFFICER OF THE
VILLAGE OF MONTGOMERY, THE BOARD OF
TRUSTEES OF THE VILLAGE OF MONTGOMERY,
JOHN DOES 1-4 and JANE DOES 1-4,

                Defendants.

Index No:

**10 CIV 06068**

**JUDGE MOTZ**

---

Plaintiff, Robert Kiernan, by his attorney JenniElena Rubino, Esq., complaining of the Defendants herein, respectfully shows the Court and alleges as follows:

## JURISDICTION

1. Plaintiff claims Federal jurisdiction pursuant to Article III § 2, which extends the jurisdiction to cases arising under the U.S. Constitution, this being an Action authorized by law to redress the deprivation, under color of state law, statute, custom, and usage of a right, privilege, and immunity secured to the Plaintiff at all times by the 1st, 4th, 5th & 14th Amendments to the United States Constitution. Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of certain protections guaranteed to him by the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, by the

Defendants under color of Law, in the capacity as police officers of the Village of Montgomery, County of Orange, State of New York. Accordingly, this Court has jurisdiction pursuant to 28 U.S. Code § 1331 and 1343. Pendant Jurisdiction is also claimed for violations of Plaintiff's rights under New York General Law.

## VENUE

2. Venue in the Southern District of New York is proper under 28 U.S. Code § 1391(b). During all times mentioned in this Complaint, Plaintiff, Robert Kiernan was and is a citizen of the United States who resides as a natural person at 198 Pleasant Avenue, Village of Montgomery, County of Orange within the State of New York.

3. At all relevant times, the Village of Montgomery, was and still is a municipal corporation incorporated under the laws of the State of New York.

4. At all times mentioned herein, the Defendant, Steven Brescia, Mayor of the Village of Montgomery was employed within the State of New York, whose office is located at 133 Clinton Street, Village of Montgomery, County of Orange within the State of New York; the Defendant JoAnn Sheels was/is an elected Trustee of the Village of Montgomery, County of Orange, within the State of New York who resides at 11 Karron Court, in the Village of Montgomery, County of Orange, within the State of New York; the Defendant, Darlene Andolsek, was/is an elected Trustee of the Village of Montgomery, County of Orange, within the State of New York who resides at 153 Charles Street, in the Village of Montgomery, County of Orange; the Defendant, John Byrne was/is employed within State of New York as a police officer for the Village of Montgomery, County of Orange and who resides at 65 Bachelor Street, in the Village of Montgomery, County of Orange.

5. Each of the claims for relief arose from actions entirely committed within the State of New York.

## THE PARTIES

6. The plaintiff, Robert Kiernan, is a natural person and a resident of 198 Pleasant Avenue, Village of Montgomery, County of Orange and the State of New York.

7. The defendant, Steven Brescia, is the elected Mayor of the Village of Montgomery in the County of Orange and State of New York whose principal place of business is 133 Clinton Street, Village of Montgomery, County of Orange within the State of New York.

8. The defendant, John J. Byrnes, Jr., was the officer in charge of the Village of Montgomery Police Department, in the County of Orange and State of New York whose principal place of business is 65 Bachelor Street, Village of Montgomery, County of Orange, State of New York and resides at 100 Washington Avenue, Village of Montgomery, County of Orange, State of New York.

9. The defendant, John Luffman, is the acting chief in charge of the Village of Montgomery Police Department, in the County of Orange and State of New York whose principal place of business is 65 Bachelor Street, Village of Montgomery, County of Orange, State of New York.

10. The defendant, Brandon Jackob, is a police officer of the Village of Montgomery Police Department, in the County of Orange and State of New York whose principal place of business is 65 Bachelor Street, Village of Montgomery, County of Orange, State of New York.

11. The defendants, JoAnn Sheels was/is an elected Trustee of the Village of Montgomery, County of Orange, within the District of New York who resides at 11 Karron Court, in the Village of Montgomery, County of Orange, within the State of New York and Darlene Andolsek, was/is an elected Trustee of the Village of Montgomery, County of Orange, within the District of New York who resides at 153 Charles Street, in the Village

of Montgomery, County of Orange are two of the elected Trustees of the Village of Montgomery.

12. The defendant, Village of Montgomery ("VILLAGE"), was and still is a municipal corporation incorporated under the laws of the State of New York with its principal place of business at 133 Clinton Street, Village of Montgomery, County of Orange within the State of New York and was the employer and supervisor of the Village of Montgomery Police department supervisory staff and/or detectives and/or officers.

13. Defendant VILLAGE was responsible for training, supervision and conduct of defendant's police officers and/or personnel, (the names of the individual defendant police officers JOHN DOES #1-5 and JANE DOES #1-5 are unknown to plaintiff). The VILLAGE was also responsible, under law, for enforcing the regulations of the police department of the VILLAGE and for ensuring that the police department and/or supervisory staff, and personnel, as well as police officers in the employ of the police department obey the laws of the State of New York and of the United States and prosecute said laws.

14. At all times relevant, defendants above-named were acting in the capacity of agents, servants and employees of defendant VILLAGE and are sued individually and in their official capacity.

15. At all times relevant hereto and in all their actions described herein, defendant VILLAGE personnel, police officers, trustees, etc. were acting under color of law and pursuant to their authority as VILLAGE agents.

16. That defendants, as agents of VILLAGE are on information and belief subject to directives of the defendant VILLAGE.

## FACTS

14  Plaintiff is a lifetime resident of the Village of Montgomery, County of Orange, State of New York (hereinafter referred to as "the Village"). Plaintiff has resided in the Village for a period of over fifty (50) years.

15  Commencing on or about May 2001 and ending on or about May, 2006, Plaintiff held the position of Police Commissioner of the Village.

16  In his capacity as Police Commissioner, the Plaintiff oversaw the Police Department and was charged with ensuring proper performance by police officers of their duties, proper recording of work hours performed, accountability for use and maintenance of department resources. The Plaintiff also secured pay commensurate with work performed for the Police Officers.

17  After his position as police chief concluded, Plaintiff, a concerned and active member of the Village Community continued his service by running and being elected as a Trustee of the Village. Commencing on or about April 2006 and ending on or about March 2009, Plaintiff was an elected Trustee of the Village.

18  During his term as Trustee, the Plaintiff personally visited Village citizens to learn of their concerns and to observe the general workings of the Village. While speaking with citizens in public areas, such as parks, library, town meeting hall, etc., Plaintiff became aware of the lack of police presence throughout the Village.

19  Plaintiff, as a concerned citizen himself and as a Trustee charged with assuring the safety and well being of the other Village citizens by Village employees, did commence a review of actual police procedures.

20  During his review, which lasted two (2) months, the Plaintiff observed on-duty police officers of the Village asleep in the Village patrol vehicles, drunk at public restaurants, pubs, bars, etc., not patrolling local streets and other ineffective behaviors.

21  Further to his research, in October of 2006, the Plaintiff, performed a detailed review of police department documentation and interviewed various members of the Village Police Department.

22  As a result of his research, the Plaintiff did identify several irregularities within the Village Police Department which he believed did contribute to the economic and procedural inefficiencies the Village was experiencing, to wit: ineffective scheduling, a high percentage of part-time police versus full-time police, an inordinate amount of shift changes, erroneous reporting of actual shifts worked by individual part-time police officer contributing to a lack of adequate day shift police coverage for the Village.

23  Among the economic and procedural inefficiencies which Plaintiff identified was the failure of part-time Village police officers to accurately account for their actual hours worked, including overtime.

24  Concerned with the safety and well-being of the Village community, the Plaintiff met with the other Trustees of the Village and the Mayor to share his observations and to determine a plan of action to address the police department issues.

25  The Trustees and the Mayor, along with the Plaintiff, determined that the most expeditious and effective manner was to meet with the officer in charge of the Police Department of the Village, John J. Byrnes, Jr. This initial meeting took place on or about October of 2006.

26  Despite the October 2006 Trustee and Mayoral discussion of Police Department activities with the officer in charge, John J. Byrnes, Jr., the inefficiencies and suspect behaviors of the police department continued.

27  The Trustees and the Mayor, including the Plaintiff, held several subsequent meetings to address the continuing Police Department issues. Despite their efforts, the issues continued.

28  During his lifetime residence in the Village, up to and including, September 2006, Plaintiff had never received a ticket for any type of traffic or other infraction in the Village.

29  On or about October 31, 2006, immediately subsequent to the first of several meetings with the officer in charge, the Plaintiff received two traffic tickets, from Village Police Officer Brandon Jackob. The tickets number 01938933 and 01938922, respectively, for failure to signal and failure to have the registration affixed to the windshield. On November 21, 2006, both tickets were dismissed by the Village Justice.

30  On or about August 12, 2007, subsequent to several Executive Sessions called by the Mayor, Defendant, Steven Brescia and held by the Trustees, including the Plaintiff, the Plaintiff left his home heading 30 miles per hour east on River Street in the Village to conduct an interview of an animal control officer candidate. While en route to the meeting location in the Village, an oncoming four door sedan of dark color, later identified as the vehicle of John J. Byrnes, Jr., yelled obscenities and threatened the Plaintiff while brandishing his gun through Defendant Byrnes driver side window.

31  On that same day, August 12, 2007, immediately following the incident, the Plaintiff filed a Complaint with the Village Police Department, Officer John Luffman took the

7

report. On August 14, 2007, Officer Luffman also took down a report of the same incident from John J. Byrnes.

32  As a result of the August 12, 2007 occurrence, and the conflicting reports, the Plaintiff was charged with three (3) criminal counts: reckless endangerment, harassment 1st, and harassment 2nd against John J. Byrnes, Jr.

33  On or about August 16, 2007Appearance tickets with pre-arraignment bail receipts were issued by Chief Officer Luffman for September 19, 2007.

34  Due to conflicts of interests identified by the Village Court, the matter was transferred to the neighboring Town of Hamptonburgh. After several adjournments, the Orange County District Attorney's office, withdrew the charges and the case was dismissed.

35  On or about June 17, 2008, while Plaintiff was traveling some two (2) miles within the Village from his home to the local coffee shop, four (4) traffic tickets, BA9755432, BA9755465, BA975543 and BA9755454 were issued to the Plaintiff for no insurance, no seat belt on driver, failure to produce a license and use of a horn. These four tickets were issued by Defendant John J. Byrnes, Jr.

36  On July 21, 2008, all four (4) tickets were dismissed by the Town of Walden Court.

37  On or about July 31, 2008, four (4) traffic tickets, LT 5321702, LT 5321713, LT 5321724, and LT 5321735, were issued to the Plaintiff for failure to stop at a stop sign, unlicensed operation of a vehicle, no seat belt driver and use of horn. All four (4) tickets were issued by John J. Byrnes, Jr.

38  On or about February 11, 2009, all four (4) traffic tickets were dismissed by the Town of Walden Court.

39  On information and belief, according to the Village Clerk, the June and July tickets issued for a horn violation were the first such tickets issued in the 200 plus year history of the Village.

40  Commencing September 2006 up to and including the present day, the Village police continue to follow Plaintiff while he is on foot on in his vehicle, including but not limited to the following: police vehicles shine their search lights through the Plaintiff's living room picture window on a weekly basis; police officers pass Plaintiff while he is walking his dog and blurt out obscenities at Plaintiff; and during a time of emergency, the vehicle belonging to the home healthcare aid of Plaintiff was ordered to be relocated despite its partial location on the front lawn of the Plaintiff's home.

41  At the time of his becoming Trustee the Plaintiff was in good health and living life commensurate with his age and position in the community. Subsequent to the above referenced occurrences, Plaintiff has experienced ever increasing manifestations of stress, including, most recently a heart attack and required heart surgery.

## FIRST CAUSE OF ACTION

42. Plaintiff repeats and re-alleges paragraphs numbered 1 through 41 as if they were fully stated herein.

43. At all of the aforesaid times, Plaintiff, while lawfully operating his vehicles, in the State of New York, was falsely arrested, without a warrant and caused to be falsely imprisoned by the Defendants, in that Plaintiff was wrongfully and unlawfully placed under arrest by virtue of the issuance of uniform traffic tickets and criminal charges, without probable cause for crimes/violations Plaintiff did not commit.

44. Plaintiff was advised to appear in Montgomery, Hampton burgh and Walden Courts, all situate in the County of Orange State of New York on multiple dates, including, but not

9

limited to September 19, 2007, November 5, 2008, and February 11, 2009 to answer the charges of the Defendants.

45. The above unlawful arrests and imprisonments of the Plaintiff encouraged, aided abetted, and incited voluntarily and willfully by Defendants. All of the charges were later dismissed.

46. As the result of his unlawful arrest and imprisonment, Plaintiff was required to expend great sums of money for his defense. Furthermore, as a result of his unlawful arrest and imprisonment, Plaintiff was deprived of his liberty, incurred damage to his reputation, subjected to great humiliation, and mental pain and physical distress, all to his damage in the sum of $1,000,000.00.

## SECOND CAUSE OF ACTION

47. Plaintiff repeats and re-alleges paragraphs numbered 1 through 46 as if they were fully stated herein.

48. On the aforesaid dates, to wit: October 31, 2006, August 12, 2007, June 17, 2008 and July 31, 2008, the Plaintiff was charged by the Defendants with the violations and crimes of : failure to stop at stop sign, blowing of horn, no insurance, unlicensed operation of a vehicle, failure to signal and failure to have the registration affixed to the windshield, reckless endangerment, harassment 1st, and harassment 2nd. The charges were lodged against the Plaintiff without probable cause or justification, and were designed to harass and intimidate the Plaintiff, to cause the Plaintiff to expend great sums of money for his defense, to embarrass the Plaintiff in the community and among his friends and relatives, and to subject Plaintiff to a possible term of imprisonment.

49. On November 11, 2006, July 21, 2008, November 19, 2008 and February 11, 2009 all thirteen (13) tickets were dismissed by the Village of Montgomery, Town of Hampton burgh and Town of Walden Courts, all situate in the County of Orange, State of New York.

50. The Defendants' conduct constituted malicious prosecution on the part of the Defendants against the Plaintiff, and this malicious prosecution has caused the Plaintiff to undergo extreme mental pain and anguish, humiliation and damage to his reputation.

51. This malicious prosecution was encouraged, aided, abetted and incited voluntarily and willfully by the Defendants.

52. The defendants as elected members of the Village of Montgomery and in their collective capacity as the elected officials of the Village of Montgomery were and are responsible for the conduct and activities of the Village of Montgomery employees and more specifically ensuring that the Village of Montgomery Police Department was operating properly and acting legally in all aspects as a Police Department.

53. As elected members of the Village of Montgomery they were and are responsible for ensuring that the Village Police Department employees were trained and managed properly at all times and performing their duties within the law.

54. The Village of Montgomery was placed on notice on or about October of 2006 when the Village Mayor and the Village Trustees first met to discuss problems with the Village of Montgomery's Police Department. The defendants held subsequent meetings to discuss continuing issues raised regarding the Village Police Department, including but not limited to several executive sessions specific to the Village Police Department.

55. Furthermore, the defendants, Village of Montgomery, the Mayor of Montgomery and its trustees were informed during certain executive sessions of the conduct complained of

herein. Notwithstanding their duty to act, the defendant's did nothing to end the unlawful activity.

56. The defendant Village of Montgomery had actual knowledge of the actions and conduct of the Village of Montgomery Police Officers and was placed on specific notice regarding the activities of its police department on or about October of 2006.

57. The defendant Village of Montgomery had continuing, further, actual notice when it was informed by the plaintiff during subsequent Village Board meetings that the Village of Montgomery Police department was acting improperly. The Village of Montgomery although charged with the responsibility of ensuring its police Department acted within the law knew that certain members of its police force were not acting in accordance with the law and failed to rectify and end the illegal activity of the Village of Montgomery Police Department.

58. The defendants inaction encouraged, aided, abetted and incited the continued illegal activity of its Police Department.

59. As a result of this malicious prosecution, Plaintiff has been damaged in the sum of $1,000,000.00.


60. The above acts constitute reckless, wanton misconduct and were willfully and maliciously directed against the Plaintiff.

61. The Plaintiff, because of the foregoing reckless and malicious actions, is entitled to exemplary and punitive damages against the Defendants in the sum of $5,000,000.00.

### THIRD CAUSE OF ACTION

62. Plaintiff repeats and re-alleges paragraphs numbered 1 through 61 as if they were fully stated herein.

63. The actions of the defendants included complaints to the Orange County District Attorney's Office, alleging that the Plaintiff was committing crimes, which the Defendants knew were baseless at the time they were made.

64. These illegal activities by Defendants, included violations of Plaintiff's civil rights, libel and slander and other actions which rose to the level of falsely reporting an incident in the third degree contrary to §240.50(3) of the New York penal law.

65. The foregoing repeated acts of the defendants therefore amounted to extreme and outrageous conduct which transcended the bounds of decency as to be regarded as atrocious and intolerable in a civilized society and constitute actions which have intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress.

66. Defendants knew their conduct would cause Plaintiff to suffer severe emotional distress and that his emotional and physical health suffered as a result of their acts.

67. As such, Defendants unjustified acts, intended to interfere and deprive Plaintiff of his right to live peaceably without threat of incarceration and constitutes intentional infliction of emotional distress.

68. Based on the foregoing, plaintiff has been damaged in the amount of $1,000,000.00.

## FOURTH CAUSE OF ACTION

69. Plaintiff repeats and re-alleges paragraphs numbered 1 through 68 as if they were fully stated herein.

70. The defendants herein, The Village of Montgomery, Steven Breccia, the Trustees of the Village of Montgomery, Jo Ann Sheens, Darlene Adolsek,, the Board of Trustees of the Village of Montgomery, the Police Department of the Village of Montgomery, John Does 1-4 and Jane Does 1-4, each had a duty to prevent, preclude, limit and halt the unlawful conduct of defendants John J. Byrnes, Jr, Brandon Jackob, and John Luffman. The

defendants had a legal duty to act in their individual capacities as elected members of the Village of Montgomery and in their collective capacity as the elected officials of the Village of Montgomery.

71. As elected members of the Village of Montgomery they were and are responsible for ensuring that the Village Police Department was acting properly at all times.

72. The Village of Montgomery was placed on notice on or about October of 2006 when the Village Mayor and the Village Trustees first met to discuss problems with the Village of Montgomery's Police Department. The defendants held subsequent meetings to discuss continuing issues raised regarding the Village Police Department, including but not limited to several executive sessions specific to the Village Police Department.

73. Furthermore, the defendants, Village of Montgomery, the Mayor of Montgomery and its trustees were informed during certain executive sessions of the conduct complained of herein. Notwithstanding their duty to act, the defendant's did nothing to end the unlawful activity. Thereby breaching their duty to plaintiff.

74. The defendants were negligent when they failed to act to correct and end the misconduct of the Village of Montgomery Police Department, including but not limited to certain specific acts committed by John J. Byrnes, Jr, Brandon Jackob, and John Luffman.

75. As a result of defendants negligence plaintiff has been caused to suffer at the hands of the Village of Montgomery Police Department.

As a result of there negligence, Plaintiff has been damaged in the sum of $5,000,000.00.

## DEMAND FOR JURY TRIAL

76. Plaintiff demands a jury trial of all the issues in this action.

## REQUESTED RELIEF

**Wherefore, Plaintiff demands judgment in his favor and against the Defendants as follows:**

**1. On his first Federal cause of action alleging a violation of 28 U.S.C. §1331, and 42 U.S.C. §1983:**

    a. Declaring that the aforementioned actions of Defendants were and still are unconstitutional;

    b. Judgment in Plaintiffs favor, granting Plaintiff compensatory damages including reasonable costs of his attorney's services which were incurred by Plaintiff due to the unconstitutional actions of the Defendants, in the amount of $1,000,000.00;

    c. Granting Plaintiff exemplary, treble and punitive damages due to the malicious and unconstitutional actions of the Defendants, in the amount of $1,000,000.00; and

**2. On his second Federal cause of action alleging a violation of 28 U.S.C. §1331, and 42 U.S.C. §1983 for false arrest and malicious prosecution:**

    a. Declaring that the aforementioned actions of Defendants were and still are unconstitutional;

    b. Judgment in Plaintiff's favor granting Plaintiff compensatory damages including the reasonable costs of his attorney's services which were incurred by Plaintiff due to the unconstitutional actions of the Defendants, in the amount of $1,000,000.00.

    c. Granting Plaintiff exemplary, treble and punitive damages due to the malicious and unconstitutional actions of the Defendants, in the amount of $1,000,000.00; and

**3. On his third cause of action under state law for intentional infliction of emotional distress:**

a. Judgment in Plaintiff's favor and against defendants for compensatory damages and exemplary, punitive and treble damages in amounts deemed reasonable by this honorable Court, with or without a jury.

b. Judgment in plaintiff's favor and against defendants for compensatory damages and exemplary, punitive and treble damages in the amount of $1,000,000.00.

**4. On his fourth cause of action for negligence:**

a. Judgment in plaintiff's favor and against defendants for compensatory damages and exemplary, punitive and treble damages in the amount of $1,000,000.00.

All the foregoing, together with such other and further relief as to this honorable Court may deem just and proper under the circumstances, and the costs and disbursements of this action.

Dated: August 12, 2010

Yours, etc.

JenniElena Rubino, Esq.
The Rubino Law Firm
240 Madison Avenue, 7th Floor
New York, NY 10016
(212) 682-2375

TO:
Steven Brescia Mayor of the Village of Montgomery
133 Clinton Street
Montgomery, New York  12549

John J. Byrnes, Jr.
100 Washington Avenue
Montgomery, New York  12549

John Luffman, the acting chief in charge of the Village of Montgomery Police Department
65 Bachelor Street
Montgomery, New York  12549

Brandon Jackob, is a police officer of the Village of Montgomery Police Department
65 Bachelor Street
Montgomery, New York  12549

JoAnn Sheens was/is an elected Trustee of the Village of Monroe
133 Clinton Street
Montgomery, New York  12549

Darlene Andolsek, was/is an elected Trustee of the Village of Monroe
133 Clinton Street
Montgomery, New York  12549

Village of Montgomery Police Department
65 Bachelor Street
Montgomery, New York  12549

Village of Montgomery, was and still is a municipal corporation incorporated under the laws of the State of New York
133 Clinton Street
Montgomery, New York  12549

## VERIFICATION

STATE OF NEW YORK
                    ss:
COUNTY OF NEW YORK

JENNIELENA RUBINO, an attorney duly admitted to practice law in the State of New York and in the United States District Court, Southern District of New York, hereby, affirms under penalty of perjury, that:

I have read the foregoing Verified Complaint; that the same is true of my own knowledge except for such matters alleged upon information and belief; and as for those matters I believe them to be true. The bases of my beliefs are review of documents within the file and conversations with plaintiff.

The reason why this verification is made by me and not by plaintiff is that plaintiff resides outside the county in which I maintain my law office.

Dated: New York, New York
       August 12, 2010

_____
JENNIELENA RUBINO